UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTONIO MCGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-04085-SLD-JEH |
| | ) | |
| CITY OF ROCK ISLAND, OFFICER JONATHAN SHAPPARD, and OFFICER STEVEN MUMMA, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants Jonathan Shappard and Steven Mumma's motion for summary judgment, ECF No. 26. For the reasons that follow, Defendants' motion is GRANTED.

**BACKGROUND**[1]

On April 8, 2016, Officers Shappard and Mumma conducted a traffic stop on a vehicle McGhee was driving for failure to signal when required to do so. The officers discovered two open alcohol containers and asked the occupants to exit the vehicle. The officers searched the vehicle and found additional bottles of beer. The officers opened the locked glove box without Plaintiff's consent and found a .357 magnum revolver. Plaintiff was charged with two felonies—unlawful possession of a weapon by a felon, 720 ILCS 5/24-1.1, and armed habitual criminal, 720 ILCS 5/24-1.7. *See People v. McGhee*, 2016CF291,

---

[1] At summary judgment, a court "constru[es] the record in the light most favorable to the nonmovant and avoid[s] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). The facts related here, unless otherwise noted, are taken from the undisputed material facts, Mot. Summ. J. 2–4, ECF No. 26; the Plaintiff's Supplemental Response, ECF No. 56; and the exhibits attached thereto.

https://www.judici.com/courts/cases/case_information.jsp?court=IL081025J&ocl=IL081025J,2016CF291,IL081025JL2016CF291D1 (last visited Mar. 25, 2021).[2]

On June 14, 2016, Plaintiff's defense counsel filed a motion to suppress the gun because the officers did not have consent to search, the glove box search was not incident to any arrest, and there was no probable cause to believe the vehicle contained evidence of any offense other than open container. Mot. Suppress 1–3, Mot. Summ. J. Ex. 1, ECF No. 26. At the motion to suppress hearing, Plaintiff and two officers testified. The arresting officer testified about the traffic stop, including that he saw the front-seat passenger moving around prior to the stop. Mot. Suppress Hr'g Tr. 10:9–12, Mot. Summ. J. Ex. 3, ECF No. 26. Plaintiff testified that he did not consent to the officers' search. *Id.* at 24:6–9. The court concluded, based on *United States v. Ross*, 456 U.S. 798, 824 (1982), that once the officers had probable cause to believe the vehicle was transporting contraband—when they saw the open containers of alcohol—the officers could search anywhere in the vehicle that an open beer bottle could be found, including a locked glove compartment directly in front of the passenger. Aug. 12, 2016 Order 1–2, Mot. Summ. J. Ex. 4, ECF No. 26. The state later dismissed both charges but filed them again by information. *See People v. McGhee*, 2016CF805, https://www.judici.com/courts/cases/case_information.jsp?court=IL081025J&ocl=IL081025J,2016CF805,IL081025JL2016CF805D1 (last visited Mar. 25, 2021). The motion to suppress hearing transcript and the court's order denying the motion were incorporated into the new case by agreement of the parties. On February 8, 2017, Plaintiff was found guilty on both counts following a bench trial and sentenced on June 5, 2018.

---

[2] The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

On March 17, 2017, before the state court had imposed a sentence, Plaintiff filed this suit alleging Defendants violated his Fourth Amendment rights when they searched the glove box without consent or probable cause. Compl. 5–6, ECF No. 1. On July 10, 2018, Defendants filed a motion for summary judgment. Mot. Summ. J. The Court stayed the case while Plaintiff appealed the denial of the suppression motion to the Appellate Court of Illinois. Jan. 11, 2019 Text Order. On appeal, Plaintiff argued that it was unreasonable to look for an open beer bottle in the glove compartment. *People v. McGhee*, 162 N.E.3d 1080, 1086–87 (Ill. App. Ct. 2020). On December 3, 2020, the court held that under the automobile exception, once the officers had probable cause to believe the vehicle contained contraband, they could search anywhere there was probable cause to believe that an open container of alcohol could be found. In light of the officer's testimony that the passenger had moved in a way that was consistent with putting something in the glove compartment and that the resealable beer could fit in the glove compartment, the officers had probable cause to search it. *Id*. at 1088–89.

On January 25, 2021, Defendants requested the Court lift the stay and grant their previously filed motion for summary judgment, which argued that Plaintiff's claim was barred by collateral estoppel. Status Report 1, ECF No. 51; Mot. Summ. J. 4–6. Plaintiff's original response argued that the officers did not have probable cause to search the glove compartment. Resp. 1–2, ECF No. 27. On February 8, 2021, Plaintiff supplemented his response by arguing that he did not have a full and fair opportunity to litigate the Fourth Amendment violation because his appellate counsel did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court. Suppl. Resp. 1, ECF No. 56; Jan. 28, 2021 State Appellate Defender Letter, Suppl. Resp. Ex. 1, ECF No. 56-1; *see* March 4, 2021 Text Order (explaining why these filings are considered responses to Defendants' Motion for Summary Judgment).

## DISCUSSION

I. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

II. **Analysis**

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, which provides a cause of action against any person who "under color of any statute, ordinance, regulation, custom, or usage . . . subjects . . . [a] person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The Fourth Amendment guarantees that

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted)).

A § 1983 plaintiff can be collaterally estopped from relitigating a Fourth Amendment search-and-seizure claim that he lost at a criminal suppression hearing. *See Allen v. McCurry*, 449 U.S. 90, 104 (1980). Whether collateral estoppel applies depends on the law of the state

where the judgment was entered. *Id*. at 96. In Illinois, a plaintiff may be precluded from relitigating when:

> [1] the issue decided in the prior adjudication is identical with the one presented in the current action, [2] there was a final judgment on the merits in the prior adjudication, and [3] the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication.

*Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). A "state-court judgment or decision [will be binding] when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights." *Allen*, 449 U.S. at 104.

Here, Plaintiff contends that the search of the glove compartment violated the Fourth Amendment because it was unreasonable to believe an open container of alcohol would be in a glove compartment and therefore, the officers did not have probable cause to search it. Resp. 1–2 (citing *People v. Kolody,* 558 N.E.2d 589, 593–94 (Ill. App. Ct. 1990) (holding glove compartment search was unreasonable because "storing open beer bottles . . . [there was] impractical because the beer would spill out")). Defendants argue Plaintiff's claim is barred by collateral estoppel because the trial court's denial of Plaintiff's motion to suppress—asserted on the same grounds here—was affirmed on appeal. Status Rep. 1. Additionally, Plaintiff, the party against whom estoppel is being asserted, had a full and fair opportunity to litigate the issue. Mot. Summ. J. 4–6. In response, Plaintiff argues only that he did not have a full and fair opportunity to litigate the issue because his appellate counsel did not file a PLA with the Illinois Supreme Court. Suppl. Resp. 1.

First, Plaintiff never asserts that he actually requested his counsel file a PLA, only that he "was under the impression that because there was dissent noted in regards to the suppression issue that the issue was going to be appealed," and that he "wanted the suppression issue

5

presented to the Supreme Court." Suppl. Resp. 1. Bryon Kohut, Plaintiff's appellate counsel, sent Plaintiff a letter that disputes Plaintiff's vague representations here. Mr. Kohut indicated he had discussed the case with Plaintiff and advised him that because the appellate court had vacated the armed habitual criminal conviction, the case would be remanded for resentencing on the unlawful possession of a weapon conviction and Plaintiff would be out of prison by May 2021. State Appellate Defender Letter 1.

> I also advised you that a . . . []PLA[] attacking the suppression issue might delay re-sentencing (and likely would not be allowed). You decided that you did not want to file a PLA and wanted to have the case remanded as soon as possible so that you could finish up your sentence and be released. I further informed you that, if the State filed a PLA and it was allowed, I would argue the suppression issue. I also said that I believed that the State would not likely file a PLA given the factual nature of the basis for relief.

*Id*.

Even if Plaintiff had presented evidence or argument that he had requested his counsel file a PLA, the failure to seek or obtain review in the Illinois Supreme Court does not mean he did not have a full and fair opportunity to litigate the Fourth Amendment issue and does not preclude the application of collateral estoppel. In *Simpson v. Rowan*, 125 F. App'x 720 (7th Cir. 2005), the plaintiff, who was charged with murder, moved to suppress evidence found during what he considered to be an unconstitutional search. *Id*. at 721. His motion was denied, and he was convicted. *Id*. at 721–22. On appeal, he challenged the trial court's denial of his motion to suppress, but the Illinois Supreme Court concluded that he had waived the issue by not raising it in his counsel-assisted post-trial motion. *Id*. at 722. The plaintiff then pursued a § 1983 Fourth Amendment claim, which the district court dismissed on collateral estoppel grounds. *Id*. Plaintiff appealed, arguing that he did not have a full and fair opportunity to develop the Fourth

Amendment suppression issue in state court because he was pro se and had psychological impairments. *Id*. at 722–23. The Seventh Circuit rejected this argument:

> Under Illinois law, once the minimum requirements have been met (identical issue in both cases; final judgment on the merits in the earlier case; same party in both cases), a court must consider whether any unfairness will result to the party being estopped. Of particular concern is whether the plaintiff has had a "full and fair opportunity" to litigate the issue: "In deciding whether the doctrine of collateral estoppel is applicable in a particular situation, a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case."

*Id*. at 722 (quoting *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001)). The court concluded that the plaintiff had "had the opportunity to present his Fourth–Amendment issue to the state trial court, and he made use of that opportunity" and that he was "estopped from litigating the same issue in a § 1983 lawsuit." *Id*. at 723. Here, Plaintiff litigated his Fourth Amendment claim in the trial and appellate courts. That is sufficient. Plaintiff is precluded by the collateral estoppel doctrine from bringing a § 1983 Fourth Amendment claim against Defendants.

## CONCLUSION

Defendants Shappard and Mumma's motion for summary judgment, ECF No. 26, is GRANTED. The Clerk is directed to enter judgment and close the case.

Entered March 25, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
